IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RONNIE GENE ABLES, 569129, )
       Petitioner, )
)
v. ) No. 3:07-CV-298-B
) ECF
NATHANIEL QUARTERMAN, )
Director TDCJ-CID, )
       Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On October 5, 1990, Petitioner pled guilty to unlawful possession of amphetamine, enhanced by a prior felony conviction. *State of Texas v. Ronnie G. Ables*, No. F-90-19772-J (Crim. Dist. Ct. No. 3, Dallas County, Tex., Oct. 5, 1990). Petitioner was sentenced to fifteen years imprisonment.

On April 1, 1992, Petitioner was released on parole. On August 28, 2000, he was returned to prison for violating his parole. (Resp. Ex. A). On June 4, 2002, Petitioner was again released on parole. On March 15, 2006, he was returned to custody for violating his parole. (*Id.*)

On May 24, 2002, Petitioner filed a state petition for writ of habeas corpus arguing that

TDCJ had unlawfully extended his sentence. *Ex parte Ables*, No. 53,272-01. On August 14, 2002, the Court of Criminal Appeals denied the petition without written order. On September 27, 2006, Petitioner filed a second state habeas petition. *Ex parte Ables*, No. 53,272-02. On December 6, 2006, the Court of Criminal Appeals again denied the petition without written order.

On February 7, 2007, Petitioner filed this federal petition. He argues: (1) his good time and work credits were unlawfully forfeited when his parole was revoked; (2) he was deprived of street-time credits when his parole was revoked; and (3) Respondent has unlawfully extended his sentence by denying his time credits.

On June 27, 2007, Respondent filed his answer arguing the petition is barred by the one-year statute of limitations. Petitioner did not file a response. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became

known or could have become known through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

In the context of parole revocation proceedings, courts have determined that the latest date on which a petitioner could or should have been aware of the loss of street time was when the Board revoked his parole and recommitted him to TDCJ. *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug. 24, 2004); *Tweedy v. Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003). In this case, Petitioner's first parole was revoked on August 28, 2000. Therefore, at the latest, Petitioner knew, or could have discovered through due diligence, on August 28, 2000, that he would not be credited for time spent on parole.[1]

Further, on May 12, 2002, Petitioner filed a state habeas petition challenging the forfeiture of his time credits. *Ex parte Ables*, No. 53,272-01. He therefore was aware of his time credit claims on that date. Even if the Court uses May 12, 2002, as the limitations starting date,

---

[1] Additionally, on November 8, 1991, and May 17, 2002, Petitioner signed a "Certificate of Parole" which notified him that a revocation of his parole would result in the forfeiture of all time served on parole. (Respondent's Ex. B).

Petitioner's federal petition is untimely. Petitioner's federal petition would have been due one year from May 12, 2002, or on May 12, 2003.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. On May 12, 2002, Petitioner filed a state habeas petition. This petition tolled the limitations period for 94 days, until it was denied on August 14, 2002. When 94 days are added to the May 12, 2003, limitations period, the new limitations deadline is August 14, 2003. On September 27, 2006, Petitioner filed a second state habeas petition. This petition was filed after the one-year limitations period expired and did not toll the limitations period. Petitioner's federal petition was due by August 14, 2003. He did not file his petition until February 7, 2007. His petition is therefore untimely.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to

show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 1st day of April, 2008.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).